UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONSO STRAUGHTER, Jr.,

      Plaintiff,                          Civil Action No. 2:16-CV-12025
v.                                         HONORABLE PAUL D. BORMAN
                                                 UNITED STATES DISTRICT JUDGE

DAVID FOBAR, et. al.,

      Defendants,
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

### I. INTRODUCTION

The Court has before it Plaintiff Alphonso Straughter Jr.'s *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is incarcerated at the Alger Correctional Facility in Munising, Michigan. The Court concludes that plaintiff's complaint must be SUMMARILY DISMISSED WITHOUT PREJUDICE.

### II. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

III. COMPLAINT

Plaintiff claims that on January 3, 2015, Detective Sergeant Flynn and Detective Fobar of the Southgate Police Department entered his house in Dearborn Heights, Michigan without a warrant and arrested plaintiff. Plaintiff claims that the detectives searched the house and his roommate's car without a warrant. Plaintiff claims that the detectives seized certain items for evidence. Plaintiff alleges that he is owed $ 100,000.00 as a result of "the time lost away" from his family and his places of employment. Plaintiff argues that he does not "deserve to be in prison for something I didn't do." Plaintiff alleges that there is no evidence, fingerprints, or call records to support his convictions. Plaintiff does not specify the nature of his convictions, however, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff was convicted in 2015 in the Wayne County Circuit Court of unlawful imprisonment, second-degree home invasion, conspiracy to commit armed robbery, armed robbery, and carjacking.

IV. DISCUSSION

Plaintiff's complaint is subject to dismissal for several reasons.

Plaintiff's lawsuit against the defendants for the alleged illegal arrest and search is subject to dismissal, because his lawsuit would not be cognizable under § 1983 unless and until his conviction was overturned or invalidated. *See Schilling v. White*, 58 F. 3d 1081, 1085 (6th Cir. 1995). To recover monetary damages for an allegedly unconstitutional

conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Although *Heck* does not completely bar Fourth Amendment claims, to recover compensatory damages based on allegedly unreasonable search, a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him or her actual, compensable injury, which does not encompass the injury of being convicted and imprisoned, until his conviction has been overturned. *Id.,* at 487, n. 7.

Plaintiff does not allege any injury to him from the alleged illegal arrest or search beyond his being convicted and incarcerated, therefore, he cannot maintain a § 1983 action against the defendants. Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the search was unreasonable would "necessarily imply the invalidity of the conviction" and would therefore be barred under *Heck*. *Fox v. Michigan State Police Dep't.*, 173 F. App'x. 372, 377-78 (6th Cir. 2006); *See also Poindexter v. Overton,* 110 F. App'x. 646, 647 (6th Cir. 2004)(prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant had failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge,* 96 F. App'x. 322 (6th Cir. 2004)(same).

To the extent that plaintiff is seeking to have his criminal conviction set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

To the extent that plaintiff asks the court to reverse his current criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute. The current defendants would not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996)(citing to Rule 2(a), Rules Governing § 2254 Cases). The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under §

1983. The Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *See Parker v. Phillips,* 27 F. App'x. 491, 494 (6th Cir. 2001). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his or her claims if the conviction or sentence is later invalidated. See *Murphy v. Martin,* 343 F. Supp. 2d at 609.

The Court dismisses plaintiff's § 1983 complaint without prejudice. See e.g. *Finley v. Densford,* 90 F. App'x. 137, 138 (6th Cir. 2004).

V.  CONCLUSION

Plaintiff failed to state a claim upon which relief may be granted.  Accordingly, the Court DISMISSES WITHOUT PREJUDICE the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.  The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 15, 2016.

s/Deborah Tofil
Case Manager